**FILED
CLERK**

7/1/2016 12:43 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JUNIOR GARCIA, #14006817,

                Plaintiff,

    -against-

ARMOR HEALTH CARE INC.,

                Defendant.
----------------------------------------------------------------X

**ORDER**
16-CV-1996 (JMA)(AYS)

**AZRACK, District Judge:**

On April 15, 2016, incarcerated pro se plaintiff Junior Garcia ("plaintiff"), an inmate at the Nassau County Correctional Center ("NCCC"), commenced this action against Armor Correctional Health Services of New York, Inc. s/h/a as Armor Health Care Inc. ("Armor" or "defendant") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed in forma pauperis. The court grants plaintiff's request to proceed in forma pauperis and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

**I.    BACKGROUND[1]**

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. In its entirety, plaintiff's statement of claim alleges:[2]

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation and grammar have not been corrected or noted.

> The day Feb. 20, 2016, when I came out the shower and I went in my cell, 3 people attacked me with weapson and they cut me by my eyebrow and no C.O. came to help while I was getting beat up so I had to wait till count so I could get to talk to him. So I could of told him they cut me so they sent me to medical and they gave me stitches and they didn't attened me right. I need to be checked right and it's been 2 months and I still got the cut and I talk to medical and they never called me so the can check me out and every time they make me fill out a sick call but they never called me and I need help.

(Compl. **&** IV.) In the space on the form complaint that calls for a description of any claimed injuries and any medical treatment required and received, plaintiff alleges: "In medical they didn't give me the right treatment I needed to received for my injuries on my eyebrow got hurt and it's been 2 months and I still got the stitches it hurts a lot I need to go to medical and 5 day when I got the stitches they still haven't took them off." (Id. ¶ IV.A.) For relief, plaintiff alleges: "I want the injuries to get good treatment I need so my eyebrow can get clean. I feel sick sometime and I need a Spanish talker with me cause I don't speak English and I need more C.O. to take care of me and I want my lawyer to come see me more so I can talk about my problems." (Id. **&** V.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or

any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the <u>in forma pauperis</u> statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

<u>Pro se</u> submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam); <u>see also</u> <u>Boddie v. Schnieder</u>, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff=s <u>pro se</u> complaint liberally and interpret it as raising the strongest arguments it suggests. <u>United States v. Akinrosotu</u>, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that <u>pro se</u> complaints need not plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (internal quotation marks omitted); <u>cf.</u> Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a <u>pro se</u> plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C. Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law[.]" Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (internal quotation marks omitted)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)) (internal quotation marks omitted)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Cornejo, 592 F.3d at 127; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

**1. Plaintiff's Claims Against Armor**

"Armor is a private company that provides medical services for inmates at the [NCCC] pursuant to a contract with the Nassau County Sheriff's Department . . . ." Whitenack v. Armor Medical, No. 13-CV-2071, 2014 WL 5502300, at *8 (E.D.N.Y. Oct. 30, 2014) (alteration in original). The Court assumes for purposes of this order that Armor was acting under color of

4

state law in rendering medical services to plaintiff at the NCCC. See, e.g., Feder v. Sposato, No. 11-CV-93, 2014 WL 1801137, at * 6 (E.D.N.Y. May 7, 2014) ("Because Armor was hired to fulfill the state's constitutional obligation to provide necessary medical care for its inmates, Armor . . . [was] 'acting under the color of state law' for purposes of Section 1983"). However, Armor may be liable under Section 1983 only if "the plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990) (quoting Monell v. Dep't of Social Serv. of the City of New York, 436 U.S. 658, 691 (1978)) (internal quotation marks omitted); see also Green v. City of New York, 465 F.3d 65, 82 (2d Cir. 2006) (finding that a hospital was not vicariously liable for any constitutional torts that its employees may have committed). "Although Monell dealt with municipal employers, its rationale has been extended to private businesses." Rojas, 924 F.2d at 409; see also Bektic-Marrero v. Goldberg, 850 F. Supp. 2d 418, 432 (S.D.N.Y. 2012) (holding that Monell has been extended to private Section 1983 defendants acting under color of state law).

Here, plaintiff's sparse complaint does not include any factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of Armor. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against Armor, the complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**D.     Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."

Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint . . . ." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint. Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 16-CV-1996 (JMA)(AYS), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include all allegations he wishes to pursue against Armor in the amended complaint. Further, if plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case shall be closed.

Plaintiff is cautioned that, to the extent that plaintiff seeks to pursue a Section 1983 claim for inadequate medical treatment against Armor, he "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Johns v. Goord, 09-CV-1016, 2010 WL 3907826, at *2 (N.D.N.Y. Sept. 30, 2010) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). "To establish an Eighth Amendment[3] violation arising out of inadequate medical treatment, a prisoner must prove

---

[3] Although plaintiff does not allege whether he is a pretrial detainee or a convicted inmate, such distinction is of no moment given that the standard for deliberate indifference is the same whether brought under the Eighth Amendment or the Fourteenth Amendment. See Caiozzo v. Koreman, 581 F.3d 63, 71–72 (2d Cir. 2009) (holding

'deliberate indifference to [his] serious medical needs.'" Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (quoting Estelle, 429 U.S. at 104); see also Kasiem v. Switz, 09-CV-9361, 2010 WL 3744183, at *1 (S.D.N.Y. Sept. 22, 2010) (finding it unlikely that plaintiff could sustain a showing of serious medical needs, or deliberate indifference to those needs, when plaintiff received the medical examination he requested, but the doctor did not prescribe any treatment). "[T]he deliberate indifference standard embodies both an objective and subjective prong." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). The objective prong requires the prisoner to allege a "sufficiently serious" injury. Id. The Second Circuit has defined a sufficiently serious injury as "a condition of urgency, one that may produce death, degeneration, or extreme pain." Id. The subjective prong requires the prisoner to show the charged official acted with a "sufficiently culpable state of mind." Id. The United States Supreme Court has stated that deliberate indifference "entails something more than mere negligence" but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994).

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but the complaint is sua sponte dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 16-CV-1996 (JMA)(AYS), and shall be filed within thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

---

that the same standard applies to claims by convicted prisoners under the Eighth Amendment and pretrial detainees' claims under the Fourteenth Amendment).

would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444−45 (1962).

**SO ORDERED.**

Dated: July 1, 2016
Central Islip, New York

                                                  /s/ JMA
                                  JOAN M. AZRACK
                                  UNITED STATES DISTRICT JUDGE